**James KNAPP, etc., et al., Plaintiffs, Appellants,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 86–1693.**

United States Court of Appeals, First Circuit.

Argued Jan. 6, 1987.

Decided Feb. 2, 1987.

Ronald K. Lospennato, Developmental Disabilities Advocacy Center, Inc., Concord, N.H., for plaintiffs, appellants.

Nancy B. Salafia, Asst. Gen. Counsel, with whom Richard V. Wiebusch, U.S. Atty., and Susan L. Howard, Asst. U.S. Atty., Concord, N.H. were on brief, for defendant, appellee.

Before COFFIN, Circuit Judge, ALDRICH and ROSENN,* Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

The Social Security Administration determined that the minor plaintiff's mother, hereinafter plaintiff, received overpayments of Supplemental Security Income in the amount of $1,289. Plaintiff does not contest this finding. Rather, she appeals from the district court's refusal to vacate an ALJ's finding that she was "not without fault" in not currently reporting her husband's overtime earnings, as a consequence of which the obligation to refund the overpayments was not waived. 42 U.S.C. § 1383(b)(1); *see also* 20 C.F.R. § 416.552. Plaintiff, so far, has lost, (1) the original determination; (2) a request for reconsideration; (3) a request for waiver of repayment; (4) a request for reconsideration; (5) a decision by the ALJ; (6) a request to the Appeals Council, and, finally, (7) a decision by the district court. This should be enough, unless there was substantial error. There was none, and we affirm.

* Of the Third Circuit, sitting by designation.

On this appeal plaintiff still complains that "she was not provided with necessary and critical information by Social Security." This, it turns out, refers primarily to the agency formula, which, as has been pointed out, was irrelevant to her concern. It is indisputable that she knew her concern, which was simply to report her financial circumstances, including her husband's overtime earnings, which, to her knowledge, changed frequently, and that she was to report changes "in between" the annual evaluations. Besides her oral testimony, she checked "Yes" on the annual statements indicating that she "agree[d] to notify the [agency] immediately" if there were any changes. It is no answer that she believed there were other sources of information available to the agency.

To allege on appeal that plaintiff lacked understanding because she had only been through tenth grade is as frivolous as the claim that she did not know how the agency calculated the benefits. Rather, faced with the burden of showing there was no substantial evidence, *Deblois v. Secretary of Health & Human Services*, 686 F.2d 76, 79 (1st Cir.1982), counsel should have concerned himself with the fact that for the immediately preceding period plaintiff had also failed to report timely her husband's earnings, and had been charged back therefor. It would be difficult to think of a better notification.

Equally without merit is the contention that the ALJ did not "adequately resolve" plaintiff's credibility: "There were not any explicit findings on this issue [viz., the claim that she did frequently report the overtime], and what findings there were strongly suggest that plaintiff, Mrs. Knapp, was to be believed." This is simply not so. First, in his opinion, the ALJ recited that the records of Social Security revealed no such visits or reports. Any doubt as to what he meant by this may be resolved by reference to his remarks during the hearing as to the inference he would draw from the absence of records, and the fact that no changes were made. As to "believing" plaintiff, we note the following.

Q. Now, why didn't you—every time your husband got a different overtime, why didn't you go down to Social Security and inform them that your husband got a different overtime check?

A. I would have to go down every single week ... not every week but every two weeks I would have to be running down. And I would save the check stubs and I would bring them down.

Again, "I piled them up and gave them to them." Piling them up for the annual evaluation was the very cause of the overpayments.

It is true that it would have been better if the ALJ had not said that a recipient of benefits should exercise "a high degree of care," but this does not constitute appealable error per se. We read the opinion as a whole, and the ALJ's references to plaintiff, as showing that he considered her as a particular individual, and did not impose a burden unsuitable to her specific circumstances. That he did not find her "dishonest" did not mean that she was "without fault." This was not a case like *Jefferson v. Bowen*, 794 F.2d 631 (11th Cir.1986). We are compelled to observe that counsel's persistence in bringing this appeal shows regrettable judgment.

*Affirmed.*